UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY WARREN NEWTON, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-248-PPS-JEM |
| RON NEAL, | |
| Defendant. | |

OPINION AND ORDER

Larry Warren Newton, Jr., a prisoner without a lawyer, filed a complaint and a motion for preliminary injunction. ECF 1, 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Newton, who is housed in the Restrictive Housing Unit ("RHU") at Indiana State Prison ("ISP"), alleges that, in April 2023, Warden Ron Neal implemented a prison policy prohibiting the distribution of charitable meal sacks to RHU inmates from a charity called "Christmas Behind Bars." ECF 1 at 1-2. He states that "[a]s an inmate, [he is] 'food-dependent' and rel[ies] on the institution to distribute [his] rations and food." *Id*. at 2. However, Warden Neal's actions "relating to distribution of food, caused [his]

psychological relations to perceive by way of suggestion that the discriminatory distribution of the charity (food) was incentive based . . . converting the food into 'payment' for conformed behavior." *Id*. Newton alleges that Warden Neal's actions caused him to be skeptical and mistrust charitable ethics and laws which protect against "unethical conversions of charity: converting a charity of food-driven effort, into incentivized payment . . . or money, to reward or pay for a performance . . . or job." *Id*. at 3.

In short, Newton asserts that Warden Neal has discriminated against inmates housed in RHU by implementing a policy prohibiting charitable meals for the purpose of rewarding or modifying inmate behavior. Thus, Newton believes Warden Neal discriminated against him by treating inmates housed in RHU less favorably than other inmates by denying them charitable meals, in violation of the Equal Protection Clause of the Fourteenth Amendment.

Under the Equal Protection Clause, because Newton does not suggest that Warden Neal targeted him due to his membership in a suspect class, rational basis review applies. *See Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). "Where disparate treatment is not based on a suspect class and does not affect a fundamental right, prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest. Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *Id*. (citations omitted). For a plaintiff to prevail under the rational basis standard, he must prove that "(1) the defendant intentionally treated him differently

2

from others similarly situated, (2) the defendant intentionally treated him differently because of his membership in the class to which he belonged, and (3) the difference in treatment was not rationally related to a legitimate state interest." *Reinebold v. Bruce*, 18 F.4th 922, 925 (7th Cir. 2021) (citations omitted). "To be considered similarly situated, a plaintiff and his comparators (those alleged to have been treated more favorably) must be identical or directly comparable in all material respects. The similarly situated analysis is not a precise formula, but we have stated repeatedly that what is clear is that similarly situated individuals must be very similar indeed." *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010) (quotation marks and citations omitted).

Newton, who is housed in RHU, is not similarly situated to other ISP inmates because inmates housed in RHU pose different security risks. *See* Ind. Dep't of Corr. Policy & Admin. Proc., *Administrative Restrictive Status Housing*, No. 02-01-111 (eff. Oct. 1, 2021), at pp. 1-2, *available at* https://www.in.gov/idoc/files/02-01-111Revised-ARSH-10-1-2021.pdf ("admittance of an offender to an adult administrative restrictive status housing unit shall be based on the: [t]hreat an offender's continued presence in the general population poses to life, self, staff, other offenders or property; [t]hreat posed by the offender to the orderly operation and security of the facility; and, [r]egulation of an offender's behavior which was not within acceptable limits while in the general offender population.") However, even if Newton were similarly situated to inmates housed in general population or other ISP housing units, he asserts that Warden Neal implemented the policy prohibiting charitable meal distribution to RHU inmates for the purpose of rewarding or modifying inmate behavior. Given this

3

purpose, there was a rational basis for implementing the policy. In other words, it is rational to treat inmates in RHU differently than other inmates because they pose different security risks. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westerfer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2021) (quotation marks, brackets, and citations omitted). Accordingly, Newton has not plausibly alleged a violation of the Equal Protection Clause.

As a final matter, Newton filed a motion for preliminary injunction. However, because his complaint does not state a claim, the motion (ECF 3) will be denied.

This complaint does not state a claim for which relief can be granted. If Newton believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

ACCORDINGLY, the court:

(1) DENIES Plaintiff's Motion for Preliminary Injunction Under Rule 65-1 (ECF 3);

(2) GRANTS Larry Warren Newton, Jr., until **July 15, 2024**, to file an amended complaint; and

5

(3) CAUTIONS Larry Warren Newton, Jr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 10, 2024

                                                      s/ Philip P. Simon
                                                      JUDGE
                                                      UNITED STATES DISTRICT COURT